UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARLO WASHINGTON,
FDOC Inmate No. 472871,
    Plaintiff,

vs.                                          Case No.:  3:24cv00149/LAC/ZCB

WARDEN WATKINS, et al.,
    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). He filed this *pro se* lawsuit on April 8, 2024. (Doc. 1). Plaintiff has not paid the filing fee and has filed a motion to proceed *in forma pauperis* (IFP). (Doc. 2). Upon review of Plaintiff's litigation history, the undersigned recommends this case be dismissed without prejudice because Plaintiff is a three-striker barred from proceeding IFP and, as such, he was required to pay the requisite filing fee upon initiating this suit.

## I.  Discussion

Under the three strikes provision, a prisoner cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is barred from proceeding IFP by § 1915(g) must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that the "proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id.* According to *Dupree*, a prisoner cannot avoid dismissal by "simply pay[ing] the filing fee after being denied *in forma pauperis* status"

2

because the fee was due "at the time he *initiate[d]* the suit." *Id.*; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Here, the Court has reviewed Plaintiff's litigation history on the Public Access To Court Electronic Records (PACER) database.[1] That search has revealed that Plaintiff (while a prisoner) has previously filed at least three actions or appeals in federal courts that were dismissed as frivolous, malicious, or for failure to state a claim on which relief can be granted. More specifically:

- *Washington v. Cook, et al.*, 3:23-cv-4041-LC-HTC, Doc. 9 (N.D. Fla. Apr. 17, 2023) (dismissed as malicious);

- *Washington v. Cook, et al.*, 3:23-cv-17136-MCR-ZCB, Doc. 6 (N.D. Fla. Nov. 14, 2023) (dismissed as malicious); and

---

[1] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

- *Washington v. Norwood, et al.*, 2:21-cv-14192-RAR, Doc. 7 (S.D. Fla. May 12, 2021) (dismissed for failure to state a claim).[2]

In fact, recently in *Washington vs. Jones* (Case No. 3:23cv24756), this Court previously recognized Plaintiff as a three striker who is barred from proceeding IFP. *See* Case No. 3:23cv24756, Docs. 3, 9 (N.D. Fla. Feb. 12, 2024).

Because Plaintiff had three strikes when he commenced this case, he cannot proceed IFP. Thus, he should have paid the filing fee at the time of filing. He failed to do so.

Plaintiff's complaint appears to assert that he is under "imminent danger" of serious injury as required for the exception in § 1915(g) to apply. (*See* Doc. 1 at 9). But Plaintiff's allegations fall short of satisfying this narrow exception.

The section 1915(g) exception requires the complaint, as a whole, to allege imminent danger of serious physical injury. *Brown v. Johnson*,

---

[2] Plaintiff lists all three of these cases in the "Prior Litigation" section of his complaint. (*See* Doc. 1 at 13-14).

387 F.3d 1344, 1350 (11th Cir. 2004). The exception requires a showing of "specific, credible allegations of imminent-danger of serious physical harm." *Chestnut v. Leavins*, No. 3:21cv827, 2021 WL 3134392, at *6 (N.D. Fla. July 2, 2021) (cleaned up). Conclusory and generalized allegations are insufficient. *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (stating that "general assertions" were insufficient to show imminent physical danger). Rather, what is required are "specific fact allegations of *ongoing* serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* (emphasis added).

Additionally, the plaintiff must be in such imminent danger of serious physical injury at the time he files the lawsuit—not at the time of the alleged incident that gave rise to the complaint. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that because the threat of imminent danger to the inmate "ceased prior to the filing of his [c]omplaint," he did not qualify for the 1915(g) imminent danger exception); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted

5

to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Here, in summary, Plaintiff's complaint alleges that on February 21, 2024, he was threatened by Defendant Sergeant T. Frazure for filing a grievance against another prison official for discarding Plaintiff's legal mail. (*See* Doc. 1 at 6). Plaintiff alleges Defendant Frazure "punched [Plaintiff] in the stomach numerous of times (sic) which cause[d Plaintiff] to vomit up blood." (*Id.*). Plaintiff alleges Defendant Frazure threatened to "kill" Plaintiff if Plaintiff told anyone about the alleged incident. (*Id.* at 7). Plaintiff alleges he requested protection the following day, which was denied by Defendant Officer Burch, who also threatened to "kill" Plaintiff for his filing of grievances. (*Id.* at 8). Plaintiff also alleges he did not receive ibuprofen from the nurse when he was examined by medical after the incident with Defendant Frazure. (*Id.* at 8-9).

Plaintiff's complaint alleges a single incident of physical violence that occurred approximately six weeks prior to filing his complaint—namely, a Defendant officer punching Plaintiff in the stomach. This is past conduct that Plaintiff cannot rely on to establish that there have

6

been additional, recent, and ongoing incidents in which he experienced "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *see, e.g., Amerson v. Sumner*, No. CV 619-128, 2021 WL 1896980, at *1-2 (S.D. Ga. Mar. 9, 2021) (holding no allegation of imminent danger even when the inmate was stabbed multiple times, lost consciousness, and was airlifted to a hospital, because the single incident was past conduct that occurred a month prior to filing his complaint); *Lewis v. Tony*, No. 19-61431, 2019 WL 8888203, at *2 (S.D. Fla. June 12, 2019) (finding no imminent danger when the inmate alleged a correctional officer punched him "hard in the head three times," among other allegations, nearly two weeks before he filed his complaint and since then, no other incidents had occurred); *see also, e.g., Porter v. Inch*, No. 4:20cv230, 2020 WL 4018612, at *4 (N.D. Fla. June 19, 2020) (finding no imminent danger when the alleged assault occurred nearly one month prior to filing his complaint because such allegations were merely past conduct).³

---

³ The Court acknowledges that there may be extenuating instances in which an officer punching an inmate in the stomach may establish "imminent danger," such as when the inmate had hernia surgery a mere nine days before the incident. *See, e.g., Smith v. Clemons*, 465 F. App'x

And Plaintiff's general allegations of threatened physical abuse do not amount to "specific fact allegations" of imminent future harm. *See Sutton*, 334 F. App'x at 279; *see also Godhigh v. Wester*, No. 5:18cv141, 2018 U.S. Dist. LEXIS 124398, at *3 (N.D. Fla. June 20, 2018) (determining that allegations of a correctional officer threatening to "knock plaintiff's teeth in[to the] back of his head" did not convey imminent danger of serious physical injury); *Brown*, 387 F.3d at 1350 (determining that conclusory allegations that defendants were trying to kill plaintiff were insufficient to satisfy the imminent danger exception); *Dice v. Inch*, No. 3:20cv5777, 2020 WL 5803252, at *3 (N.D. Fla. Sept. 3, 2020) ("[The plaintiff's] allegations of a future risk of attacks by guards, based on harassment and threats, are too speculative and generalized to constitute imminent danger of physical harm."), *adopted by*, 2020 WL 5802338 (N.D. Fla. Sept. 29, 2020). Thus, Plaintiff has not established that the "imminent danger" exception to the three-strike rule applies here. Dismissal without prejudice is, therefore, appropriate.

---

835, 836-837 (11th Cir. 2012). But here, Plaintiff alleges no such extenuating circumstances.

## II. Conclusion

For the reasons above, this case should be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, (Doc. 2), be **DENIED**.

2. This action be **DISMISSED without prejudice**, under 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee at the time he commenced this case.

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 10th day of April 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.